UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY ANN B.,<br><br>                     Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                     Defendant. | Case No. 24-10312<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 16); ADOPTING REPORT AND RECOMMENDATION (ECF NO. 15); DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11); GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 13); AND AFFIRMING THE COMMISSIONER'S DECISION**

## I.    Introduction

Plaintiff Mary Ann B. appeals the final decision of defendant Commissioner of Social Security (the "Commissioner"), who denied her application for supplemental security income ("SSI") under the Social Security Act. ECF No. 1. Under 28 U.S.C. § 636(b), the Court referred all pretrial matters in the case to the magistrate judge. ECF No. 6. Both parties filed motions for summary judgment. ECF Nos. 11, 13.

On January 30, 2025, the magistrate judge issued a Report and Recommendation ("R&R"). ECF No. 15. The R&R recommends that

plaintiff's motion be denied; the Commissioner's motion be granted; and the Commissioner's decision be affirmed under sentence four of 42 U.S.C. § 405(g). *Id.* Plaintiff timely filed objections to the R&R, and the Commissioner filed a response. ECF Nos. 16, 17.

## II.     Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). De novo review is only required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III. Analysis

Plaintiff's sole challenge to the R&R is that the magistrate judge erred in finding that the ALJ properly considered plaintiff's breast cancer. Specifically, plaintiff argues that the ALJ's summary of her breast cancer treatment in the decision did not discuss "the significant impacts [p]laintiff's breast cancer and subsequent treatment had on her mental and physical functioning." ECF No. 16. PageID.1049-51.

Defendant argues that the Court overrule plaintiff's objection without consideration because it merely reiterates arguments made to the magistrate judge in the summary judgment briefing. A rehashing of arguments presented in the summary judgment briefs does not constitute an appropriate objection and need not be analyzed by the Court. *Carr v. Comm'r of Soc. Sec.*, 2022 WL 3362268, at *2 (E.D. Mich. Aug. 15, 2022) (citing *Funderburg v. Comm'r of Soc. Sec.*, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016)). Plaintiff acknowledges that she advanced this same argument to the magistrate judge. *Id.* ("as Plaintiff argued in her Reply. . ."; "As Plaintiff's Brief noted. . ."). In presenting that argument to this Court, plaintiff merely challenges the ALJ's decision without identifying a specific objection to the R&R. The Court **OVERRULES** this objection on that basis.

Even if the Court were to consider plaintiff's objection, it does not provide grounds to reject the R&R. The ALJ considered plaintiff's breast cancer—the objective medical evidence of the breast cancer diagnosis and treatment, including a mastectomy, radiation therapy, and physical therapy—and the functional limitations resulting from the breast cancer, specifically right upper extremity limitations based on plaintiff's complaints of difficulty reaching, and diminished strength and range of motion in her right shoulder after her surgery. ECF No. 5-1, PageID.52-55. The ALJ also considered plaintiff's anxiety in finding that her mental impairments limited her to simple routine, repetitive tasks involving simple work-related decisions, without strict, fast-paced production quotas, and requiring no more than occasional interaction with supervisors, coworkers, and the public." ECF No. 5-1, PageID.59.

To the extent that plaintiff argues that her history of suicidal thoughts was not reflected in the ALJ's functional limitations, the ALJ acknowledged this history but noted that plaintiff's subsequent mental health treatment records reflected no suicidal thoughts. ECF No. 5-1, PageID.56 (citing records). Moreover, as the magistrate judge noted, plaintiff failed to show how her breast cancer, its treatment, and the resulting side-effects resulted

in functional limitations greater than those included in the ALJ's residual functional capacity ("RFC") determination.

In sum, because the ALJ considered plaintiff's breast cancer and addressed her breast cancer-related functional limitations in the RFC, plaintiff's argument that her cancer had a more significant impact on her than is reflected in the decision is simply an invitation for the Court to reweigh the evidence presented to the ALJ. The Court may not reweigh evidence and thus must decline plaintiff's invitation to do so. *See Dyson v. Comm'r or Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019). Plaintiff's objection could be overruled on this basis as well.

## IV.   Conclusion

For the reasons above, plaintiff's objection to the R&R (ECF No. 16) is **OVERRULED**. The Court **ADOPTS** the R&R (ECF No. 15), **DENIES** plaintiff's motion for summary judgment (ECF No. 11), and **GRANTS** the Commissioner's motion for summary judgment (ECF No. 13). Judgment shall issue in favor of the Commissioner, **AFFIRMING** the Commissioner's decision that plaintiff is not disabled under sentence four of 42 U.S.C. § 405(g).

Date: March 4, 2025          s/Shalina D. Kumar
                             Shalina D. Kumar
                             United States District Judge